**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPIRE GLOBAL, INC.,<br><br>                Plaintiff,<br><br>    -against-<br><br>KPLER HOLDING SA,<br><br>                Defendant. | C.A. No. |

## <u>MOTION TO FILE UNDER SEAL</u>

Pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3, Defendant Kpler Holding SA ("Defendant" or "Kpler"), by and through its undersigned counsel, respectfully moves for entry of an Order, filed contemporaneously herewith, authorizing Defendant to file under seal Exhibit B to Kpler's Notice of Removal.  Exhibit B comprises Spire Global, Inc.'s ("Plaintiff" or "Spire") complaint in this Action (the "Complaint") and supporting Exhibits 1, 2, and 4 to the Complaint.  In support of this motion, Kpler states as follows:

Spire brought this action against Kpler alleging breach of the parties' Share Purchase Agreement (the "SPA").

The Complaint contains certain references to or otherwise uses nonpublic, confidential, proprietary, or commercially sensitive information regarding the terms of the SPA, including the conditions of the share purchase and the price to be paid at closing.

Exhibit 1 is a copy of the SPA, and Exhibit 2 is the schedules thereto.  The SPA and accompanying schedules constitute and contain certain nonpublic, confidential, proprietary, or commercially sensitive information regarding Kpler's and Spire's business as well as the terms of

the share purchase transaction between Spire and Kpler, including information about the terms of the transaction, Spire's employees and key personnel as well as post-closing personnel plans, and detailed information concerning Spire's financial status.

Exhibit 4 is Kpler's confidential offer submitted in anticipation of the SPA. The offer contains sensitive nonpublic, commercially sensitive information about Kpler's business and its proposed terms for the transaction.

The public's right to access judicial proceedings and records "is not absolute." *Littlejohn v. Bic Corp.*, 851 D.2d 673, 678 (3d Cir. 1988). A party may overcome the presumption of public access if it shows that "the interest in secrecy outweighs the presumption." *See Kaleo, Inc. v. Adamis Pharms. Corp.*, 2019 WL 11680196, at *1 (D. Del. July 16, 2019). The material to be sealed must be the "kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *See id.*

A court applies a "good cause" standard to justify sealing or redacting judicial records, which requires a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507-08 (D. Del. 2012). For example, this Court has found good cause to redact "confidential financial information" as well as information related to trade secrets and confidential technologies. *See id.* at 510-11.

Here, Kpler respectfully submits that good cause exists to seal the Complaint and Exhibits 1, 2, and 4, because they contain confidential and commercially sensitive details regarding the SPA and Spire's business. Kpler further submits that it received certain confidential information memorialized in the SPA in confidence from Spire and it has a duty not to disclose such information.

Kpler's request is limited to the types of confidential or proprietary business information that Courts in this District (i) recognize are a part of a company's core confidential information and (ii) have routinely allowed to be filed under seal. *See Mylan, Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause exists to seal documents "to protect the parties' confidential proprietary business and competitive interests."). This is not stale information of the type that has been found insufficient to merit sealing. *See, e.g.*, *Avandia*, 924 F.3d at 679 (concluding that justification for sealing "twenty-year-old research strategies" fell short of the standard). The parties' competitors could exploit such information, if it were to be made public, to gain an unfair competitive advantage in the marketplace. Thus, Kpler's motion is narrowly tailored and seeks to preserve the confidentiality of only as much information as needed to protect Kpler's and Spire's business interests, while still preserving public access to information germane to the action.

Kpler will comply with all applicable procedures regarding filing under seal through the Court's CM/ECF system and will file a version of Exhibit B to the Notice of Removal that redacts the confidential information within seven (7) days after the filing of the sealed documents, as calculated pursuant to Fed. R. Civ. P. 6. Additionally, as a party to the agreement discussed herein, Plaintiff should have the opportunity to review the Complaint and its exhibits and make any application for relief it deems appropriate before the filing of redacted, public versions.

WHEREFORE, Kpler respectfully requests entry of an order permitting the filing of Exhibit B to the Notice of Removal under seal.

RICHARDS, LAYTON & FINGER, P.A.

/s/ Rudolf Koch

OF COUNSEL:

COOLEY LLP

Sarah Lightdale (pro hac vice
forthcoming)
Philip Bowman (pro hac vice forthcoming)
Kaitland Kennelly (pro hac vice
forthcoming)
55 Hudson Yards
New York, New York 10001
(212) 479-6000
slightdale@cooley.com
pbowman@cooley.com
kkennelly@cooley.com

Rudolf Koch (#4947)
Jason J. Rawnsley (#5379)
Matthew D. Perri (#6066)
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
koch@rlf.com
rawnsley@rlf.com
perri@rlf.com

*Attorneys for Defendant Kpler Holding SA*

Dated:  February 11, 2025

-4-