### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPIRE GLOBAL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> KPLER HOLDING SA, <br><br> Defendant. | C.A. No. _____ |

### NOTICE OF REMOVAL

Defendant Kpler Holding SA ("Defendant" or "Kpler"), through undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and removes the above-captioned action from the Court of Chancery for the State of Delaware to the United States District Court for the District of Delaware and avers as follows:

### BACKGROUND

1. On February 10, 2025, Plaintiff Spire Global, Inc. ("Spire" or "Plaintiff") filed the complaint in this action in the Court of Chancery for the State of Delaware ("Complaint"). Pursuant to 28 U.S.C. § 1446(a), copies of all the processes and pleadings, including a copy of the Complaint from Civil Action No. 2025-0143 and the court's orders granting admission *pro hac vice* for counsel for Spire, are attached hereto as **Exhibit A** and **Exhibit B**.[1]  Upon information and belief, no further processes, pleadings, or orders have been held in this action.

2. Defendant's counsel was provided with a courtesy copy of the Complaint on February 10, 2025 by email. The Complaint has not been served. This removal, therefore, is being

---

[1] As described in Kpler's Motion to File Under Seal, Exhibit B contains the materials subject to Kpler's Motion to File Under Seal; Exhibit A contains all pleadings and orders not subject to Kpler's Motion to Seal.

effected within the 30 days of receipt of the Complaint by Defendant, as required under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

3. Under 28 U.S.C. § 1332(a)-(a)(1), this Court has jurisdiction over this action because the amount in controversy exceeds $75,000 and the action is between a citizen of a U.S. state and a citizen of a foreign state, and the action therefore may be removed under 28 U.S.C. § 1441(b).

4. When the basis for removal is diversity jurisdiction, the amount in controversy shall be determined based on the sum demanded in the Complaint, provided, however, that the Notice of Removal may assert the amount in controversy if the Complaint seeks nonmonetary relief. 28 U.S.C. § 1446(c)(2). The Complaint alleges that Plaintiff has been irreparably harmed such that specific performance of the parties' Share Purchase Agreement is the only adequate form of relief. (Compl. ¶¶ 72-74.) The amount in controversy is therefore at least the amount Plaintiff alleges Kpler must pay at closing, or $241,000,000. (Compl. ¶ 26.)

5. A corporation is deemed a citizen of its state of incorporation and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Complaint alleges that Plaintiff is a "Delaware Corporation headquartered in Vienna, Virginia," and Defendant is a "Belgian Corporation headquartered in Brussels, Belgium." (Compl. ¶ 15.)

6. Given these unopposed facts, this Court has "original jurisdiction" over this action. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005).

## ALL OTHER REMOVAL REQUIREMENTS WILL BE MET

7. Removal to this judicial district is proper under 28 U.S.C. § 1446(a) because the action was initially filed in the Court of Chancery for the State of Delaware.

8. In accordance with 28 U.S.C. § 1446(b), this Notice has been filed within 30 days of the Defendant's receipt of a courtesy copy of the Complaint.

9. Defendant has attached hereto as **Exhibit A** and **Exhibit B** copies of all pleadings, processes, and orders in the state action.

10. Defendant will promptly file a Notice of the Notice of Removal with the Court of Chancery for the State of Delaware and will serve Plaintiff with the same. A true and correct copy of the Notice of Filing a Notice of Removal is attached hereto as **Exhibit C**.

11. The filing fee and an executed civil information sheet accompany this Notice.

**WHEREFORE**, Defendant hereby removes the above-referenced action commenced against it in the Court of Chancery for the State of Delaware to this Court.

| | |
|---|---|
| OF COUNSEL:<br><br>COOLEY LLP<br><br>Sarah Lightdale (pro hac vice forthcoming)<br>Philip Bowman (pro hac vice forthcoming)<br>Kaitland Kennelly (pro hac vice forthcoming)<br>55 Hudson Yards<br>New York, New York 10001<br>(212) 479-6000<br>slightdale@cooley.com<br>pbowman@cooley.com<br>kkennelly@cooley.com<br><br>Dated: February 11, 2025 | RICHARDS, LAYTON & FINGER, P.A.<br><br>*/s/ Rudolf Koch*<br>Rudolf Koch (#4947)<br>Jason J. Rawnsley (#5379)<br>Matthew D. Perri (#6066)<br>920 North King Street<br>Wilmington, Delaware 19801<br>(302) 651-7700<br>koch@rlf.com<br>rawnsley@rlf.com<br>perri@rlf.com<br><br>*Attorneys for Defendant Kpler Holding SA* |

4