

Rudolf Koch
Director
302-651-7721
koch@rlf.com

February 18, 2025

**BY CM/ECF**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801-3555

  Re: *Spire Global, Inc. v. Kpler Holding SA*, No. 1:25-cv-00168-UNA

Dear Chief Judge Connolly:

  We write on behalf of defendant Kpler Holding SA ("Kpler") in response to the letter that plaintiff Spire Global, Inc. ("Spire") filed after 5 p.m. on Friday, February 14. D.I. 22. This case should be assigned to a judge in accordance with the Court's typical practices. Spire has shown no basis, however, for its requests that Kpler respond by tomorrow to a "Motion for Expedited Proceedings" and that the Court hear this motion on Friday.

  *First*, Spire has not filed a motion that is pending in this Court or that sets forth any grounds under federal law for the expedited schedule Spire purports to seek. Before the removal of this case, Spire filed a Motion for Expedited Proceedings in the Delaware Court of Chancery asking that court to set a *trial* for March 24, 2025, which is 42 days after the case was filed, and now just 34 days away. In support of that extraordinary schedule, Spire's motion cited only precedent from the Delaware Court of Chancery. After Kpler removed the case on February 11, Spire filed a notice under Local Rule 81.2, which attached a copy of its state-court motion. D.I. 10–11. But Spire still has not filed any motion in this Court and has not provided any authority for trying a case in federal court within weeks of its filing. Kpler does not understand how it could now be expected to respond to a procedural motion that Spire has not brought in federal court and that does not specify any grounds for the requested relief under federal law.

The Hon. Colm F. Connolly
February 18, 2025
Page 2

      Spire's failure to file a motion directed at this Court cannot be excused, particularly given that Spire has not opposed removal and has no basis to do so. The Share Purchase Agreement ("SPA") between Spire and Kpler at issue in this case provides that the parties consent to jurisdiction in Delaware federal or state court for proceedings relating to the agreement and that, "if any such Legal Proceeding is commenced in a state court, then, subject to applicable Law, *no Party shall object to the removal of such Legal Proceeding to any federal court located in Delaware*." D.I. 4 at Ex. 1, § 12.5 (emphasis added). Having agreed to litigate in federal court, Spire must provide a basis under federal law for the extraordinarily expedited schedule it seeks so that Kpler can have a fair opportunity to respond.

      *Second*, while Kpler will respond in more detail to Spire's arguments when they are made in a proper federal-court motion, there is no support for the schedule that Spire seeks, calling for trial in 34 days. Kpler has not even been served yet, and Spire just requested that Kpler waive service in this federal action on the same day it filed its letter. Kpler will, of course, have an opportunity to answer the complaint. Many other pre-trial litigation steps are also required under the Federal Rules and practice in this District. Kpler strongly disputes Spire's factual allegations in this case, which involve a complex $241 million merger. Significant discovery of these disputed issues will be needed before the case could be trial ready. No discovery has been taken yet. Kpler cannot face a trial—particularly on a claim seeking to order it to close a transaction of this magnitude—without going through the required steps in the litigation to mount its defense, as well as any counterclaims it may have against Spire.

      *Third*, Spire's claims of emergency are unfounded. Contrary to Spire's allegations, Kpler has not developed "buyer's remorse." Compl. ¶ 10. Nothing could be further from the truth. Kpler has been and remains committed to closing this transaction in accordance with its terms. This is not the kind of case where a party has purported to repudiate or terminate the SPA. Kpler is working toward closing on a number of fronts, including cooperating with Spire to respond to concerns raised by antitrust regulators in the United Kingdom. Kpler is hopeful that the impediment to closing can be resolved in the coming weeks. If the parties are successful in achieving closing, there will be no reason to further burden the Court with this matter, let alone on the unreasonable pace that Spire now requests. Moreover, as Spire concedes in its complaint, the "End Date" under the SPA is not until November 13, 2025 (Compl. ¶ 28), meaning that the term of the agreement extends for some nine months longer. This bargained-for period would allow for a litigation over the coming months, on a schedule that is reasonably expedited but

The Hon. Colm F. Connolly
February 18, 2025
Page 3

orderly, if the parties are unable to resolve the current regulatory impediment to closing.

     Accordingly, Kpler respectfully requests that the Court set a schedule in which Spire is required to file a motion providing any grounds under federal law for the expedited schedule it seeks.  Kpler is prepared to respond to that motion within a week of its filing and to participate in a hearing or scheduling conference at the Court's convenience.  In the meantime, we will seek to confer with Spire's counsel about whether a reasonable compromise schedule can be reached.

                                   Respectfully,

                                   */s/ Rudolf Koch*

                                   Rudolf Koch (#4947)

cc: Counsel of record