

Rudolf Koch
Director
302-651-7721
koch@rlf.com


February 25, 2025

**<u>BY CM/ECF</u>**
The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801-3555

    Re:   *Spire Global, Inc. v. Kpler Holding SA*, No. 1:25-cv-00168-GBW

Dear Judge Williams:

    We write on behalf of defendant Kpler Holding SA ("Kpler") in response to Your Honor's direction this morning that the parties confer about a trial date and scheduling order for this matter.  The parties have, unfortunately, been unable to agree after discussions over the course of the day.  Kpler is submitting herewith a proposed scheduling order leading up to a bench trial beginning on May 27, 2025.  Kpler would also be willing to hold a trial before a magistrate judge beginning on or after April 9, 2025, but Spire has informed us that they do not consent to magistrate-judge jurisdiction.[1]

    As laid out in more detail in our Answering Brief in Opposition to Spire's Motion for Expedited Proceedings, filed earlier today (D.I. 46), Kpler has been and remains committed to closing this transaction in accordance with its terms.  Kpler is working with Spire to try to remove remaining impediments to closing, including an active investigation by the United Kingdom's Competition and Markets Authority ("CMA"), who have raised substantive antitrust issues with the deal that we are addressing, including by having Kpler's CEO last week personally present our theories to the CMA.  Kpler is hopeful that it can complete necessary work with the CMA in the coming weeks.  A mid-April or May trial, while still

---

    [1] Due to the expedited nature of the schedule, the chart attached to the proposed order includes deadlines for events not in Your Honor's standard form of scheduling order so that the action may proceed in an efficient and orderly manner.

The Hon. Gregory B. Williams
February 25, 2025
Page 2

extraordinarily fast by standards in this District, would give the parties the time necessary to complete this process, close the transaction, and avoid the need to burden the Court with further litigation.

A trial in late March, by contrast, would be counterproductive to the parties' efforts to close while imposing unnecessary burdens on the Court in the immediate term. A schedule that requires clients and their antitrust counsel—who will be necessary witnesses here—to sit for deposition, manage the litigation, and conduct other work required to prepare for trial in March will distract from their ability to complete the CMA process and close the transaction. This impact will be far more pronounced with a trial in March, rather than mid-April or May, because of the regulatory work necessary in the coming weeks.

In addition to these concerns about the impact on closing, a trial in just a month would impose serious constraints on Kpler's ability to conduct necessary discovery and mount its defense in accordance with the Federal Rules. Spire's proposed schedule, for example, calls for completion of *all* fact discovery— documents and depositions—in just 19 days, even though *no* discovery has been taken yet. Precedent in this District does not support holding a trial on a schedule anywhere near this compressed. Even a mid-April or May trial would be far faster than any precedent, but Kpler is willing to agree to those timeframes in light of its belief that any such trial is unlikely to occur because the deal will have closed.

We regret that we will need to take the Court's time tomorrow to address this matter, but we look forward to presenting our arguments in more detail to Your Honor.

Respectfully,

*/s/ Rudolf Koch*

Rudolf Koch (#4947)

cc: Counsel of record

Attach.