**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPIRE GLOBAL, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 25-CV-168-GBW |
| | ) |
| KPLER HOLDING SA, | ) |
| Defendant. | ) |

## PLAINTIFF SPIRE GLOBAL, INC.'S MOTION TO SEAL

Plaintiff Spire Global, Inc. ("Spire"), by and through its undersigned counsel, hereby moves this Court for entry of an Order, filed contemporaneously herewith, permitting Spire to file under seal Plaintiff's Reply Brief in Further Support of its Motion for Expedited Proceedings (the "Reply") and Exhibit 1 to the Reply ("Exhibit 1"), pursuant to Federal Rule of Civil Procedure 5.2 and the Local Rule of Civil Practice and Procedure 5.1.3 of the United States District Court for the District of Delaware.  The Reply contains nonpublic, confidential and commercially sensitive details regarding Spire's business practices and strategy, including details of discussions with third-party commercial counterparties and regulatory matters.  Exhibit 1 is the Declaration of Alexander Potter, which contains nonpublic, confidential information regarding regulatory matters.

### LEGAL STANDARD

While there is a public right to access to judicial records, "the right is not absolute." *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3d Cir. 2001).  "A well-settled exception to the right of access is the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm."  *PACT XPP Schweiz AG v. Intel Corp.*, 2024 WL 3539018, at *1 (D. Del. May 9, 2024) (quotations and citations omitted).  Additionally, "courts may deny access to judicial records, for example, where

they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.3d 673, 678 (3d Cir. 1988).  Accordingly, courts will seal judicial records where disclosure of the records "will work a clearly defined and serious injury to the party seeking closure."  *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

## ARGUMENT

Courts in this district apply a "good cause" standard to determine whether sealing or redacting judicial materials is appropriate.  *See, e.g.*, *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp 2d, 503, 507 (D. Del. 2012).  Assessing whether good cause exists "generally involves a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public."  *Gillette Co. v. Dollar Shave Club, Inc.*, 2017 U. S. Dist. LEXIS 148775, at *5 (D. Del. Sept. 6, 2017).  Courts in this circuit routinely find good cause to seal or redact confidential financial information in addition to information related to trade secrets.  *See Mosaid*, 878 F. Supp. 2d at 510-11; *see also Eagle View Techs. v. Xactware Sols.*, 2020 WL 11028382, at *2 (D.N.J. June 9, 2020) (finding good cause to seal commercially sensitive information relating to the parties' sensitive business information and financial information such as business strategies, confidential contract negotiations and contract terms).

Spire respectfully submits that good cause exists to seal the Reply and Exhibit 1 filed therewith because they contain Spire's sensitive and confidential business information and nonpublic, commercially and competitively sensitive information regarding contracts with third parties, communications with regulatory authorities, and Spire's financial information and business strategies.

Spire's limited request seeks to protect the kind of confidential business information and competitively sensitive information that Courts in this District recognize "is at the core of that type of material that is routinely treated as overcoming the common-law presumption of access." *Genentech v. Amgen*, 2020 WL 9432700, at *4 (D. Del. Sept. 2, 2020), *report and recommendation adopted*, 2020 WL 9432702 (D. Del. Oct. 1, 2020); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal materials "to protect the parties' confidential proprietary business and competitive interests"). Absent a sealing order, Spire and Kpler are vulnerable to competitors who may take advantage of public access to competitively sensitive and confidential business information; these competitors could then use the information to gain an unfair competitive advantage. Spire's motion is mindful of the court's duty to balance the public's right to access with potential harm to the parties. As such, Spire has narrowly tailored its motion in recognition of the importance of public access to information related to this action; Spire thus seeks only to preserve confidentiality over as much information as is necessary to protect the parties' business standing.

Furthermore, Spire will comply with any and all applicable procedures regarding filing under seal through the Court's systems and will file a version of the Reply and Exhibit 1 that redacts the confidential information within seven days after filing the sealed document, in accordance with Federal Rule of Civil Procedure 6.

## CONCLUSION

For the foregoing reasons, Spire respectfully requests entry of an order permitting the filing of the Reply and Exhibit 1 to the Reply under seal.

OF COUNSEL:

Jonathan K. Youngwood
Meredith Karp
Jacob Lundqvist
Nora C. Hood
SIMPSON THACHER &
BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000

FAEGRE DRINKER
BIDDLE & REATH LLP

*/s/ Oderah C. Nwaeze*
Oderah C. Nwaeze (#5697)
Angela Lam (#6431)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
oderah.nwaeze@faegredrinker.com
angela.lam@faegredrinker.com

*Attorneys for Plaintiff*

Dated:  February 25, 2025