IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPIRE GLOBAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KPLER HOLDING SA, | ) |
| | ) C.A. No. 25-00168 (GBW) |
| Defendant. | ) |

**SCHEDULING ORDER EXPEDITED**

This __26th__ day of __February__ 20__25__, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by <u>March 10, 2025</u>. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before <u>April 11, 2025</u>.  Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 3(g) and 4.

3. <u>Discovery</u>.  Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

    (a) <u>Fact Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before <u>April 30, 2025</u>.

    (b) <u>Document Production</u>.  Document production shall be substantially complete by <u>April 18, 2025</u>.

    (c) <u>Requests for Admission</u>.  A maximum of <u>15</u> requests for admission are permitted for each side.

    (d) <u>Interrogatories</u>.

        i. A maximum of <u>10</u> interrogatories, including contention interrogatories, are permitted for each side.

        ii. The Court encourages the parties to serve and respond

to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive).

    (e)    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of <u>forty-two (42)</u> hours of taking testimony by deposition upon oral examination.

    (f)    <u>Disclosure of Expert Testimony</u>.

        i.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before <u>April 18, 2025</u>. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>May 9, 2025</u>. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.    <u>Objections to Expert Testimony</u>. To the extent any

objection to expert testimony is made pursuant to the principles announced in *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than May 22, 2025, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules.

iii.   <u>Expert Discovery Cut Off</u>. All expert discovery in this case shall be initiated so that it will be completed on or before May 15, 2025.

(g)   <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i.   Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.   Should counsel find, after good faith efforts – including verbal communications among Delaware and Lead Counsel for all parties to the dispute - that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Williams:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-

4

and-confer (in person and/or by telephone) on the following date(s): _____

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

iii. On or before <u>May 2, 2025</u>, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On or before <u>May 6, 2025</u>, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

v. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

4. <u>Motions to Amend</u>.

(a) Any motion to amend (including a motion for leave to amend) a

pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    (b)  Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    (c)  Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

5.  <u>Motions to Strike</u>.

    (a)  Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

    (b)  Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    (c)  Within three (3) days thereafter, the moving party may file a

reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

6. <u>Case Dispositive Motions</u>.  Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in cases proceeding to a bench trial.

7. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

8. <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All in limine requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

9. <u>Pretrial Conference</u>. On <u>May 22, 2025</u>, the Court will hold a pretrial conference in Court with counsel beginning at <u>1 p.m.</u> The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases on or before <u>May 19, 2025</u>. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

10. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by <u>March 7, 2025</u>. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

> Any proposed protective order must include the following paragraph:
>
> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in

another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

11. <u>Papers Filed Under Seal</u>.  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

12. <u>Courtesy Copies</u>.  The parties shall provide to the Court two (2) courtesy copies of filings (i.e., briefs, appendices, exhibits, declarations, affidavits etc.). Courtesy copies of appendices and exhibits should include hard tabs. This provision also applies to papers filed under seal.

13. <u>ADR Process</u>.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

14. <u>Trial</u>.  This matter is scheduled for a <u>3</u>-day bench trial beginning at 9:30 a.m. on <u>May 28, 2025</u>, with the subsequent trial days beginning at 9:30 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
The Honorable Gregory B. Williams
United States District Judge

Counsel Shall Provide a Chart of All Relevant Deadlines

| EVENT | DEADLINE |
|---|---|
| Deadline for Plaintiff to file proof of service of the Complaint or an executed waiver of service under Fed. R. Civ. P. 4. | Friday, Feb. 28 |
| Deadline for Parties to submit a proposed protective order. | Friday, March 7 |
| Defendant to answer or otherwise respond to the Complaint. | Monday, March 10 |
| Deadline to exchange initial disclosures pursuant to Rule 26(a)(1). | Monday, March 10 |
| Deadline to serve initial requests for production of documents, interrogatories, and requests for admission. | Friday, March 14 |
| Deadline for serving initial discovery requests on third parties. | Monday, March 17 |
| R&Os to initial party discovery requests due. | Friday, March 21 |
| Deadline to serve final requests for production of documents and final interrogatories, with any subsequent requests permitted with leave from the Court for good cause only absent party agreement. | Tuesday, March 25 |
| R&Os to any additional discovery requests due. | Tuesday, April 1 |
| Deadline to move to join parties or amend/supplement pleadings | Friday, April 11 |
| Deadline for the parties to substantially complete document productions. | Friday, April 18 |
| Parties to exchange opening expert reports along with all materials relied upon by the experts. Any materials relied upon by the experts previously produced to the opposing party in discovery need not be re-produced but must be identified by Bates number. | Friday, April 18 |
| Deadline to exchange privilege logs. | Wednesday, April 23 |
| Deadline to meet-and-confer concerning all outstanding discovery disputes. | Friday, April 25 |
| Deadline to complete fact discovery, including depositions, except for any fact discovery subject to a motion to compel or motion for a protective order pending as of this date. | Wednesday, April 30 |
| Deadline to request a pre-motion discovery teleconference via letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. | Friday, May 2 |

| | |
|---|---|
| Deadline to file opposition to the application for relief sought through the pre-motion discovery conference, via letter not to exceed three pages. | Tuesday, May 6 |
| Deadline to exchange rebuttal expert reports and all materials relied upon by the experts. Any materials relied upon by the experts previously produced to the opposing party in discovery need not be re-produced but must be identified by Bates number. | Friday, May 9 |
| Discovery teleconference (as needed). | Tuesday, May 13 |
| Deadline to complete expert depositions | Thursday, May 15 |
| Parties to simultaneously exchange final list of all trial witnesses. Any trial witness not previously deposed may be deposed reasonably promptly after this date. | Thursday, May 15 |
| Plaintiff's counsel to provide Defendant's counsel a draft of the joint pretrial order. | Thursday, May 15 |
| Defendant's counsel to provide Plaintiff's counsel a markup of the draft pre-trial order. | Saturday, May 17 |
| Deadline to file objections to expert testimony | Monday, May 19 |
| Deadline to submit joint proposed final pre-trial order, including *in limine* requests and responses, and identification of anticipated trial witnesses, exhibit lists and all other information required under Local Rule 16.3(c). | Monday, May 19 |
| Deadline to file responses to objections expert testimony. | Thursday, May 22 |
| Pre-trial conference. | Thursday, May 22 |
| Simultaneous filing of pre-trial briefs. | Friday, May 23 |
| Trial. | Wednesday, May 28, through Friday, May 30 |
| Filing of post-trial briefs and proposed findings of fact and conclusions of law. | Friday, June 13 |