## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPIRE GLOBAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KPLER HOLDING SA, ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 25-CV-168-GBW <br><br> **Original Version Filed: Feb. 21, 2025** <br> **Redacted Version Filed: Feb. 28, 2025** |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION FOR RECONSIDERATION

OF COUNSEL:

Jonathan K. Youngwood
Meredith Karp
Jacob Lundqvist
Nora C. Hood
SIMPSON THACHER &
BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000

Dated: February 21, 2025

Oderah C. Nwaeze (#5697)
Angela Lam (#6431)
FAEGRE DRINKER
BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
oderah.nwaeze@faegredrinker.com
angela.lam@faegredrinker.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 3

    I.    Kpler's Motion Fails to Identify Any Basis for Reconsideration ................................. 3

    II.   The Court Properly Set an Expedited Trial in Recognition of the Irreparable Harm to Spire from Kpler's Failure to Close the Transaction ......................................... 5

    III.  Kpler's Motion Is an Overt Play for Delay ................................................................... 6

    IV.  The Motion Confirms That All Conditions to Closing Have Been Met ........................ 8

CONCLUSION ....................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Biggins v. Willey*,
  2012 WL 933136 (D. Del. Mar. 20, 2012) ................................................................................ 6

*Dupree v. Floyd MeGee & Sons*,
  2004 WL 758036 (D. Del. Mar. 31, 2004) ................................................................................ 7

*Gen. Elec. Co. v. LPP Combustion, LLC*,
  2024 WL 3510307 (D. Del. July 22, 2024) .............................................................................. 3

*Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*,
  2015 WL 6673687 (D. Del. Oct. 30, 2015) .............................................................................. 5

*Harsco Corp. v. Zlotnicki*,
  779 F.2d 906 (3d Cir. 1985) ..................................................................................................... 4

*Max's Seafood Café v. Quinteros*,
  176 F.3d 669 (3d Cir. 1999) ..................................................................................................... 4

*Newton v. A.C. & S., Inc.*,
  918 F.2d 1121 (3d Cir.1990) .................................................................................................... 7

*Paoli v. Stetser*,
  2013 WL 2154393 (D. Del. May 16, 2013) ............................................................................. 7

*Pfizer Inc. v. Sandoz Inc.*,
  2015 WL 6755211 (D. Del. Nov. 4, 2015) ............................................................................... 3

*Schering Corp. v. Amgen, Inc.*,
  25 F. Supp. 2d 293 (D. Del. 1998) ........................................................................................... 4

*Sempier v. Johnson Higgins*,
  45 F.3d 724 (3d Cir. 1985) ....................................................................................................... 6

*Shipley v. Orndoff*,
  491 F. Supp. 2d 498 (D. Del. 2007) ......................................................................................... 4

*Smith v. Meyers*,
  2009 WL 5195928 (D. Del. Dec. 30, 2009) ......................................................................... 3, 4

*United States v. Lopez*,
  2014 WL 7149187 (D. Del. Dec. 15, 2014) ............................................................................. 4

**Rules**

D. Del. Loc. R. 16.1 ....................................................................................................................... 7

D. Del. Loc. R. 16.3 ....................................................................................................................... 7

Plaintiff Spire Global, Inc. ("Spire") respectfully submits this opposition to Defendant Kpler Holding SA's ("Kpler") Motion for Reconsideration (D.I. 35) (the "Motion").

## INTRODUCTION

Kpler's Motion is a bold attempt to prolong resolution of this straightforward breach of contract case and continue to avoid its obligations under the parties' November 13, 2024 Share Purchase Agreement ("SPA"). Spire moved for expedition based on the irreparable harm it has suffered and continues to suffer as a result of Kpler's failure to close the sale of Spire's maritime business pursuant to the SPA. The Court, in recognition of that irreparable harm, scheduled a one-day bench trial on March 4. This trial date balances the harm from continued delay to Spire with the need to accomplish necessary pretrial procedures in a streamlined and orderly fashion. In response, Kpler has moved for reconsideration, seeking to delay trial by untold months and, more so, apparently asking that further proceedings in this action be indefinitely postponed until Kpler has completed any efforts it deems appropriate to attempt to consummate the closing at its own pace. Kpler's request is meritless, and the Motion should be denied, for the following reasons.

*First*, Kpler has failed to identify any valid basis for reconsideration under the well-established test of this Court and the Third Circuit. Reconsideration is an extraordinary form of relief that is granted sparingly. None of the narrow reasons supporting such a request exist here. Kpler's Motion does not identify any new evidence, intervening change in law, or need to correct a clear error of law or fact. Kpler's mere request that the Court rethink the decision it has already made and grant Kpler more time to prepare for trial falls well short of justifying reconsideration.

*Second,* the Court properly recognized the irreparable harm that Spire has suffered and continues to suffer as a result of Kpler's breach of the SPA. In light of that harm, the Court ordered that the parties prepare for a streamlined one-day trial and propose a schedule for pretrial

proceedings commensurate with the scope of such trial. Kpler seeks to inject various factual disputes that it contends will require extensive discovery. But simply saying that the dispute is complex does not make it so. Spire's complaint and motion to expedite presented the relevant issues in the parties' dispute. The Court, in its discretion, ordered a pretrial and trial schedule commensurate with the scope of that dispute. Kpler's mere desire for extensive discovery does not overrule the Court's broad discretion to manage pretrial proceedings and the scope of discovery.

*Third*, Kpler's Motion makes clear that continued delay is the overarching goal of its litigation strategy. Never would be soon enough for Kpler to litigate this action. Kpler therefore asks the Court to hold this action in abeyance while Kpler seeks to resolve self-described regulatory "impediments" (none of which are barriers to closing) as Kpler itself sees fit, following whatever timeline Kpler chooses. Kpler's request makes no sense and lays bare its objective to stall this action for as long as it possibly can. Moreover, Kpler's reliance on various default procedural deadlines does not undermine this Court's discretion to manage the case schedule and resolve the parties' dispute promptly. And the fact that the outside date for completing the transaction is nine months away does not serve as a guidepost for when the case should be resolved or justify a delayed trial schedule when Kpler has already breached the SPA and Spire continues to suffer irreparable harm from Kpler's breach.

*Finally*, Kpler's Motion is most notable for what it does not say. Kpler has not identified any unmet condition that existed as of the designated closing date or that currently prevents the parties from closing. While Kpler points to purported regulatory "impediments" that hypothetically *could* impede closing, such potential future developments did not bar closing on January 24 and do not bar closing today. They do not give Kpler an out from consummating the

2

transaction. Indeed, the only "impediment" Kpler has identified— ▮▮▮▮▮ —is the exact type of risk that Kpler agreed to accept responsibility for under the SPA's limited regulatory closing condition and associated "hell-or-high-water" provision. Kpler cannot shift that risk onto Spire by refusing to honor its obligation to close the transaction.

*   *   *

That Kpler filed a motion for reconsideration—attaching a complete, 16-page brief responding to Spire's motion to expedite and a supporting affidavit prepared by Kpler's UK regulatory counsel—within four hours of the Court's order setting a March 4 trial date and despite suggesting it would need up to five additional days to do so, suggests that Kpler is well-equipped to move quickly and litigate this case to trial pursuant to the schedule set by the Court.

## ARGUMENT

### I. Kpler's Motion Fails to Identify Any Basis for Reconsideration

"A motion for reconsideration is an extraordinary remedy." *Pfizer Inc. v. Sandoz Inc.*, 2015 WL 6755211, at *1 (D. Del. Nov. 4, 2015). Such motions are granted only "sparingly," and the decision to grant such motions "lies squarely within the [Court's] discretion." *Gen. Elec. Co. v. LPP Combustion, LLC*, 2024 WL 3510307, at *1 (D. Del. July 22, 2024) (internal quotations and citations omitted). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009). Instead, such motions are only granted in three limited circumstances: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *LPP Combustion*, 2024 WL 3510307, at *1 (D. Del. July 22, 2024) (denying motion

for reconsideration) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). None are present here.

Kpler's Motion, which does not even cite the standard for reconsideration, falls well short of meeting the requirements for the extraordinary relief it requests. The Motion does not point to any intervening change in the controlling law. Nor does it identify any need to correct clear error of law or fact or prevent manifest injustice. And the Motion identifies no new evidence that was not available when the Court issued the Order. While Kpler's Motion includes a lengthy factual narrative in an apparent attempt to manufacture factual issues requiring discovery, the relevant evidentiary issues are not "new" and were squarely presented to the Court in Spire's complaint and motion to expedite. *See* Compl. (D.I. 4) at ¶¶ 8, 9, 46, 54, 56-60; Motion to Expedite (D.I. 24) at ¶¶ 8-9. Instead, Kpler's Motion is precisely the kind of request for the Court to "rethink a decision [it] already made" that does not justify reconsideration. *Smith*, 2009 WL 5195928, at *1.

That reconsideration is an extraordinary and unusual remedy is demonstrated by Kpler's own Motion, which fails to cite a single case in which a motion for reconsideration was granted, much less one on a procedural or scheduling issue. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 912 (3d Cir. 1985) (affirming district court's denial of motion for reconsideration); *United States v. Lopez*, 2014 WL 7149187, at *4 (D. Del. Dec. 15, 2014) (denying motion for reconsideration); *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (denying motion for reargument). Nor is such relief justified where, as here, the motion boils down to a mere desire to have more time to prepare for trial. *Cf. Shipley v. Orndoff*, 491 F. Supp. 2d 498, 502 (D. Del.

4

2007) ("[Plaintiff] simply wants additional time to respond to [defendant's] Motion To Dismiss. This is an insufficient ground to grant reconsideration.").

Kpler's failure to identify any basis for reconsideration under the well-established test of this Court and the Third Circuit demonstrates why its Motion should be denied.

## II. The Court Properly Set an Expedited Trial in Recognition of the Irreparable Harm to Spire from Kpler's Failure to Close the Transaction

Spire's motion to expedite set forth in detail the irreparable harm from Kpler's continued failure to close the transaction. That harm includes, among other things, significant confusion and disruption among Spire employees; significant debt constraints that continue to impose financial pressures on the Company and prevent it from investing in important, near-term growth opportunities; and significant stock market pressure over uncertainty whether the transaction will close at all. *See* Motion to Expedite (D.I. 24) ¶¶ 13, 24-29. Spire will have suffered such harm for over a month by the time the parties reach trial. Because Spire demonstrated both a "sufficiently colorable claim" and "a sufficient possibility of a threatened irreparable injury," the Court could, as it did, schedule a trial on an expedited schedule. *Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*, 2015 WL 6673687, at *2 (D. Del. Oct. 30, 2015) (internal quotation and citation omitted), *report and recommendation adopted*, 2015 WL 9437530 (D. Del. Dec. 22, 2015).

Kpler's argument that avoiding further delay by litigating this case on an expedited schedule would "deprive[] Kpler of its opportunity to conduct discovery and mount its defense in a complex case" (Opposition at 9) is without merit. Saying that the case is complex does not make it so. This Court can readily determine whether Kpler was obligated to close the transaction as of January 24, 2025 (as it was) and failed to do so (as it did).[1] The Court has instructed the parties to

---

[1] Grasping for factual issues to justify its request to delay trial, Kpler quibbles with whether January 24, 2025 fell four or five business days after January 17, 2025, ignoring that the Closing

5

establish a pretrial schedule that will govern the proceedings leading up to the March 4 trial date. *See* D.I. 34. The Court has ample authority to control the scope of discovery to facilitate trial within this timeframe. *See, e.g.*, *Sempier v. Johnson Higgins*, 45 F.3d 724, 734 (3d Cir. 1985) ("Under the Federal Rules of Civil Procedure and our jurisprudence, district courts have broad discretion to manage discovery."); *Biggins v. Willey*, 2012 WL 933136, at *3 (D. Del. Mar. 20, 2012) ("[I]ssues relating to the scope and timing of discovery permitted under the Federal Rules of Civil Procedure rest in the sound discretion of the court.").

The relevant issues in this case can be tried with limited witness testimony—whether live or by declaration. Kpler's professed need for fact discovery and unidentified expert discovery does not justify extending these proceedings beyond the schedule set by the Court, which reflects an appropriate weighing of the need for a speedy trial in view of Spire's continuing irreparable harm and the need to complete necessary pretrial procedures that correspond to the scope of the issues presented.

### III. Kpler's Motion Is an Overt Play for Delay

Kpler's Motion makes clear that its real strategy is delay. The Opposition effectively asks this Court to adopt a wait-and-see approach—Kpler does not even propose a trial date—and hold this action in abeyance while Kpler resolves purported impediments to closing at its own pace. *See* Opposition at 9 ("If Kpler's efforts to close do not succeed in the near term . . . a trial later this year in advance of the November 2025 End Date would be appropriate."). Only if at some unspecified time those efforts to close are unsuccessful will Kpler agree that "some degree of

---

Date was to be designated by Spire "*no later than* the Fifth Business Day" after all conditions to closing had been met. *See* SPA § 1.4 (emphasis added). In any event, almost a month has now passed since the designated closing date, the conditions to closing remain satisfied, and Kpler has still refused to close the deal.

expedition" is warranted. *Id.* at 2. Allowing Kpler to move forward with the transaction when and if it chooses is not what the parties bargained for and does not provide any basis for this Court to delay resolution of the narrow issues presented.

To justify its attempt at delay, Kpler raises various "steps . . . that take time" under the Federal Rules and Local Rules of this Court. Opposition at 11. But Kpler's invocation of default deadlines ignores that there has been a proper request for expedition and does not override the Court's discretion to manage the cases before it. *See, e.g.*, *Paoli v. Stetser*, 2013 WL 2154393, at *2 (D. Del. May 16, 2013), *report and recommendation adopted*, 2013 WL 2571380 (D. Del. June 10, 2013) (noting that the purpose of Federal Rule of Civil Procedure 16 is to "provide for the judicial control over a case, streamline proceedings, maximize the efficiency of the court system, and actively manage the timetable of case preparation to expedite the speedy and efficient disposition of cases") (citing *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir.1990)); *Dupree v. Floyd MeGee & Sons*, 2004 WL 758036, at *1 (D. Del. Mar. 31, 2004) ("The decision to schedule a Rule 16 conference is within the discretion of the Court."); D. Del. Loc. R. 16.1 (the court may direct counsel to participate in a Rule 16(b) scheduling conference "in its discretion"); *id.* 16.3 (a pretrial conference shall be held "[u]nless otherwise ordered").

Kpler's invocation of the November 2025 "End Date" under the SPA as a purported guidepost for when to try this case, *see* Opposition at 9, completely misses the mark. The parties specifically negotiated that closing would occur promptly following satisfaction of the closing conditions—a critical term of the deal for Spire reflected in the SPA giving Spire the power to (i) dictate the Closing Date on any day within five Business Days after satisfaction of the closing conditions and (ii) terminate the SPA immediately if Kpler fails to cure a failure to close within three Business Days of the date Closing should have occurred. *See* SPA §§ 1.4, 10.1(f). The End

7

Date was negotiated to ensure there was sufficient time to address any unexpected delay in the satisfaction of closing conditions. It is certainly not a target or expected closing date nor is it intended to operate as a grace period for cure; it should not be mischaracterized here as a basis to delay closing now that the conditions to closing have been satisfied.  The date of Kpler's breach and the nature of Spire's harm should determine the timeline for resolving this case—not the fact that nine months remain before the End Date would occur under the SPA.  While the Opposition cites various cases in which courts scheduled trial promptly in view of a pending outside date, the inverse is not true—*i.e.*, that a longer period prior to an outside date would make the need for a prompt trial any less urgent.  Kpler expressly agreed in the SPA that "irreparable damage for which monetary damages, even if available, would not be an adequate remedy, would occur in the event that the Parties do not perform their obligations under the provisions of this Agreement."  SPA § 12.13.  Spire has identified concrete examples of such irreparable harm to its business as a result of Kpler's failure to close.  *See* D.I. 24 at ¶¶ 13, 24-29.  While Kpler argues that Spire's "financial hardship . . . provide[s] no contractual or other basis for Spire's proposed schedule," Opposition at 2, it demonstrates that the irreparable harm Kpler agreed would result from its breach of the SPA in fact has materialized.  Kpler's attempt to nonetheless set a schedule that would extend the irreparable harm Spire has already suffered for several months is meritless.

### IV.     The Motion Confirms That All Conditions to Closing Have Been Met

While Kpler suggests that resolving this case will involve a long list of "factual issues in dispute," Opposition at 12, the Opposition is most notable for what it does not say.  First, while Kpler contends that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ amounted to an actual breach of any of Spire's representations and warranties as

8

of January 24, 2025 or at any subsequent time or that it caused the failure of a condition to closing. *See* Opposition at 5. Indeed, Kpler does not identify any potential issues at all involving ▬ as a current impediment to closing. *See id.*

Second, Kpler concedes that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See, e.g.,* Opposition at 7 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬"); *id.* at 8 ▬▬▬▬▬▬▬▬▬▬▬"); *id.* at 9 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬]") (emphasis added). The SPA is clear that potential, prospective regulatory action does not constitute an unmet condition to closing. *See* SPA § 8.3 ("No temporary restraining order, preliminary or permanent injunction or other order preventing the consummation of the Transactions by Buyer Parent **shall have been issued** by any Governmental Entity and **remain in effect**[.]") (emphasis added). And, by agreeing to a "hell-or-high-water" clause, Kpler agreed to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See id.* § 6.1 ("Buyer Parent agrees to . . . use best efforts, and to take any and all actions necessary, to eliminate each and every impediment that is asserted by the relevant Governmental Entity under the Specified Laws so as to enable the Parties to consummate the Transactions promptly[.]"). Kpler's attempt to shift that risk onto Spire by avoiding closing is an express breach of its obligations under the SPA.

Kpler's continued failure to identify any unmet condition to closing only serves to demonstrate that prompt resolution of this action is necessary to hold Kpler to the terms of the bargain it struck with Spire and effectuate closing.

## CONCLUSION

For the foregoing reasons, Kpler's Motion for Reconsideration should be denied.

9

| | |
|---|---|
| OF COUNSEL: | FAEGRE DRINKER BIDDLE & REATH LLP |
| Jonathan K. Youngwood<br>Meredith Karp<br>Jacob Lundqvist<br>Nora C. Hood<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000 | /s/ Oderah C. Nwaeze<br>Oderah C. Nwaeze (#5697)<br>Angela Lam (#6431)<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>(302) 467-4200<br>oderah.nwaeze@faegredrinker.com<br>angela.lam@faegredrinker.com<br><br>*Attorneys for Plaintiff* |

Dated: February 21, 2025

10