# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPIRE GLOBAL, INC., | ) |
| Plaintiff, | ) ) |
| | ) C.A. No. 25-CV-168-GBW |
| v. | ) |
| | ) **Original Version Filed: Feb. 25, 2025** |
| KPLER HOLDING SA, | ) **Public Version Filed: March 4, 2025** |
| Defendant. | ) ) |

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR <u>EXPEDITED PROCEEDINGS</u>

OF COUNSEL:

**SIMPSON THACHER & BARTLETT LLP**
Jonathan K. Youngwood (*pro hac vice*)
Meredith Karp (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
Nora C. Hood (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017

**FAEGRE DRINKER BIDDLE & REATH LLP**
Oderah C. Nwaeze (#5697)
Angela Lam (#6431)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
oderah.nwaeze@faegredrinker.com
angela.lam@faegredrinker.com

*Attorneys for Plaintiff*

Dated: February 25, 2025

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1
ARGUMENT....................................................................................................................... 2
    I.    The Court Properly Set an Expedited Trial in Recognition of the Irreparable Harm to Spire from Kpler's Failure to Close the Transaction...................................................... 2
    II.   The Opposition Confirms That All Conditions to Closing Have Been Met.................. 4
CONCLUSION................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Biggins v. Willey*,
  2012 WL 933136 (D. Del. Mar. 20, 2012) .................................................................................. 4

*Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*,
  2015 WL 6673687 (D. Del. Oct. 30, 2015) ................................................................................ 3

*In re IBP, Inc. v. Richard L. Bond*,
  C.A. No. 18373-VCS (Del. Ch. Apr. 16, 2001) ......................................................................... 2

*Rohm & Haas Co. v. Dow Chem. Co.*,
  2009 WL 445612 (Del. Ch. Feb. 6, 2009) .................................................................................. 2

*Sempier v. Johnson Higgins*,
  45 F.3d 724, 734 (3d Cir. 1985) ................................................................................................. 4

**INTRODUCTION**

Kpler's request to defer trial in this case to allow Kpler more time to close the transaction at its own pace is unwarranted. This Court has already ordered a trial on March 4 in view of the significant harm to Spire from further delay. In response to the Court's order, Kpler filed a Motion for Reconsideration, asking the Court to vacate its order without setting an alternative trial date. As a compromise, and in order to move the case forward, Spire agreed with Kpler to request alternative trial dates during the week of April 7, 2025, subject to the Court's availability. In response, the Court informed the parties that it is available for a trial either during March 26-28 or May 28-30, 2025. Despite being just two weeks earlier than the April dates to which Kpler consented, Kpler has not consented to a trial in late March.

Spire has served discovery requests, proposed a pretrial scheduling order, and is ready to exchange witness lists in advance of the currently scheduled March 4 trial. The parties can work together to prepare for trial a month from now (and three weeks after the current set trial date); Spire is willing to agree to any start date and any duration for trial within the March 26-28 window offered by the Court. Deferring the trial until May 28-30, 2025—months later than the current trial date and seven weeks after the jointly proposed compromise trial date in April—is unsupported and would be severely prejudicial to Spire. Spire has already disclosed: "Due to the Company's projected cash needs, including amounts owed pursuant to the Financing Agreement and the Company's inability to meet its covenants under the Financing Agreement, there is substantial doubt about the Company's ability to continue as a going concern for a period of at least 12 months from the date of this filing." *See* D.I. 24 at Ex. B (2/11/2025 8-K). Spire's interest in bringing this dispute to a close far outweighs any purported burden on Kpler from proceeding promptly to trial. Spire respectfully submits that its Motion for Expedited

Proceedings should be granted, that trial should proceed during March 26-28, and that the Court enter the pretrial scheduling order attached as Exhibit 2.

## ARGUMENT

### I. The Court Properly Set an Expedited Trial in Recognition of the Irreparable Harm to Spire from Kpler's Failure to Close the Transaction

Spire's Motion for Expedited Proceedings sets forth in detail the irreparable harm from Kpler's continued failure to close the transaction. Spire has disclosed to investors:

> Given the expected delay in the closing of the Transactions, the Company intends to seek additional equity or debt financing (including securities convertible or exchangeable for equity) and may seek waivers of or amendments to contractual obligations, delay, limit, reduce, or terminate certain commercial efforts, or pursue merger, disposition or other strategies, any of which could adversely affect the Company's business, results of operations, and financial condition. There is no assurance that the Company will be successful in achieving any of the foregoing. Due to the Company's projected cash needs, including amounts owed pursuant to the Financing Agreement and the Company's inability to meet its covenants under the Financing Agreement, there is substantial doubt about the Company's ability to continue as a going concern for a period of at least 12 months from the date of this filing.

D.I. 24 at Ex. B. Spire is also facing stock market pressure over uncertainty whether the transaction will close at all. *See* Motion for Expedited Proceedings (D.I. 24) ¶¶ 13, 24-29. The threat to Spire's ongoing business is apparent on the record before this Court, and Spire has already suffered irreparable harm from Kpler's delay in closing the transaction for over a month. The Court's offer to the parties of a trial on March 26, 44 days after filing of Spire's complaint and original motion to expedite, is similar to the timelines on which other expedited cases have been tried. *See, e.g.*, *Rohm & Haas Co. v. Dow Chem. Co.*, 2009 WL 445612, at *1 (Del. Ch. Feb. 6, 2009) (setting trial forty-two days following motion to expedite); *In re IBP, Inc. v. Richard L. Bond*, C.A. No. 18373-VCS, at Dkt. 124 (Del. Ch. Apr. 16, 2001) (setting trial forty-five days following motion to expedite).

This Court can readily determine whether Kpler was obligated to close the transaction as of January 24, 2025 (as it was) and failed to do so (as it did). To that end, the Court instructed the parties to establish a pretrial schedule that will govern the proceedings leading up to the March 4 trial date. *See* D.I. 34. Spire shared a draft of such a schedule on February 21, 2025. Kpler rejected Spire's proposal without offering any edits or counterproposals. Kpler has similarly declined to consent to a trial date three weeks later in late March.[1]

Spire was prepared to go forward with trial on March 4, but compromised after discussions with counsel for Kpler to jointly request potential trial dates in early April. Completing a trial no later than April 11 was the latest possible date to which Spire could agree. In doing so, Spire did not in any way suggest that deferring trial for nearly two additional months until the end of May would be a reasonable alternative. Given the Court's unavailability for a trial during that week, however, and the complications and uncertainty of transferring the case to a different judge, trial should proceed during March 26-28—more than three weeks after the current trial date, four weeks from today, and over six weeks from the filing of the Complaint. A trial during May 28-30 is simply too late for Spire to seek effective relief from the Court. Spire has demonstrated both a "sufficiently colorable claim" and "a sufficient possibility of a threatened irreparable injury"; the Court has properly scheduled a trial on an expedited schedule; and further delay of trial until the last week of May is unjustified. *Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*, 2015 WL 6673687, at *2 (D. Del. Oct. 30, 2015) (internal quotation and citation omitted), *report and recommendation adopted*, 2015 WL 9437530 (D. Del. Dec. 22, 2015).

---

[1] While the Court has noted that it is possible a Magistrate Judge would have availability for a trial date in April, there appears to be no guaranty that dates are available on or prior to April 9. Moreover, Spire is concerned that assignment to a new judge at this juncture would be inefficient, particularly given this court's availability in late March.

The Court also has ample authority to control the scope of discovery to facilitate trial within the timeframe it has ordered. *See, e.g.*, *Sempier v. Johnson Higgins*, 45 F.3d 724, 734 (3d Cir. 1985) ("Under the Federal Rules of Civil Procedure and our jurisprudence, district courts have broad discretion to manage discovery."); *Biggins v. Willey*, 2012 WL 933136, at *3 (D. Del. Mar. 20, 2012) ("[I]ssues relating to the scope and timing of discovery permitted under the Federal Rules of Civil Procedure rest in the sound discretion of the court."). The relevant issues in this case can be tried with limited witness testimony—whether live or by declaration. Kpler's professed need for fact discovery and unidentified expert discovery does not justify extending these proceedings beyond the schedule set by the Court, which reflects an appropriate weighing of the need for a speedy trial in view of Spire's irreparable harm and the need to complete necessary pretrial procedures that correspond to the scope of the issues presented. Spire has proposed a reasonable schedule leading up to a trial during March 26-28, and is willing to agree to any start date and any duration for trial within that timeframe. *See* Ex. 2.

**II.    The Opposition Confirms That All Conditions to Closing Have Been Met**

While Kpler suggests that resolving this case will involve a long list of "factual issues in dispute," Opp. at 14, the Opposition is most notable for what it does not say. First, while Kpler contends that ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████ amounted to an actual breach of any of Spire's representations and warranties as of January 24, 2025 or at any subsequent time, or that it caused the failure of a condition to closing. *See id.* at 6-7. Indeed, Kpler does not identify any potential issues at all involving ███████ as a current impediment to closing. *See id.*

4

Second, Kpler concedes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g., id.* at 8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); *id.* at 7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮") (emphasis added). The SPA is clear that potential, prospective regulatory action does not constitute an unmet condition to closing. *See* SPA § 8.3 ("No temporary restraining order, preliminary or permanent injunction or other order preventing the consummation of the Transactions by Buyer Parent ***shall have been issued*** by any Governmental Entity and ***remain in effect***[.]") (emphasis added). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (D.I. 46) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In fact, it is clear that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 1 (Declaration of Alexander Potter). And, by agreeing to a "hell-or-high-water" clause, Kpler agreed to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See id.* § 6.1 ("Buyer Parent agrees to . . . use best efforts, and to take any and all actions necessary, to eliminate each and every impediment that is asserted by the relevant Governmental Entity under the Specified Laws so as to enable the Parties to consummate the Transactions promptly[.]"). Kpler's attempt to shift that risk onto Spire by avoiding closing is an express breach of its obligations under the SPA.

5

Kpler's continued failure to identify any unmet condition to closing only serves to demonstrate that prompt resolution of this action is necessary to hold Kpler to the terms of the bargain it struck with Spire and effectuate closing.

## CONCLUSION

For the foregoing reasons, Spire respectfully submits that its Motion for Expedited Proceedings should be granted, that trial should proceed during March 26-28, and that the Court enter the pretrial scheduling order attached as Exhibit 2.

Dated: February 25, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

/s/ *Oderah C. Nwaeze*

OF COUNSEL:
**SIMPSON THACHER & BARTLETT LLP**
Jonathan K. Youngwood (*pro hac vice*)
Meredith Karp (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
Nora C. Hood (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017

Oderah C. Nwaeze (#5697)
Angela Lam (#6431)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
oderah.nwaeze@faegredrinker.com
angela.lam@faegredrinker.com

*Attorneys for Plaintiff*