# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPIRE GLOBAL, INC., | ) |
|        Plaintiff, | ) |
|   v. | ) C.A. No. 25-CV-168-GBW |
| KPLER HOLDING SA, | ) |
|        Defendant. | ) |

## [STIPULATED] PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of Civil Practice and Procedure of the District of Delaware (the "Local Rules") and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Protective Order, this Protective Order shall remain in effect through the conclusion of this litigation.

In support of this Protective Order, the Court finds that:

  a. Documents or information containing confidential research, development, business, commercial, proprietary, sensitive, or personal information or trade secrets within the meaning of Fed. R. Civ. P. 26(c) ("Confidential Information") that bear on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in the above-referenced litigation ("Action");

  b. Public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and/or could place that party at a competitive disadvantage; and

  c. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Protective Order should issue.

**IT IS THEREFORE ORDERED THAT:**

1. **Scope.** This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action that the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (either a "Confidentiality Designation" or collectively the "Confidentiality Designations") pursuant to this Order, including but not limited to, the following documents which may contain Confidential Information: all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, expert reports, declarations, affidavits, memoranda of law, and all materials (including documents or testimony) produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof.

2. **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

3. **Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, compilations, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to Confidential Information.

4. **Designating Material.**

    a. **Designating Material as Confidential.** Any party, or any third party subpoenaed by one of the parties, may designate as Confidential and subject to this Protective

Order any documents, electronically stored-information ("ESI"), answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, initial disclosures produced pursuant to Fed. R. Civ. P. 26(a), and any other material or information produced, whether in response to discovery requests and/or subpoenas or otherwise disclosed by parties and non-parties in this litigation if they contain information that the Producing Entity in good faith believes contains trade secrets or other sensitive personal, commercial, financial or proprietary information; information received in confidence from third parties; information which the Producing Entity has an obligation to maintain confidential by operation of federal, state, or foreign data protection laws; or information which the Producing Entity otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G). The designation of materials as Confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

      **b.**    **Designating Material as Highly Confidential.** Any party, or any third party subpoenaed by one of the parties, may designate as Highly Confidential and subject to this Protective Order any materials or information that meet the test set forth in Paragraph 4.a, but as to which the Producing Entity also asserts in good faith that the information is highly sensitive proprietary, financial, marketing, strategic, organizational, operational, or competitive business information, the disclosure of which would create a substantial risk of serious business or financial harm to the Producing Entity.

3

5. **Form and Timing of Designation**

   a. **Documents and Written Materials.** The Producing Entity shall designate any document or other written materials as Confidential Information pursuant to this Order by marking each page of the material with a stamp setting forth the Confidentiality Designation, if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

   b. **Electronically Stored Information ("ESI").** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the Confidentiality Designation to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL," and any portions of the ESI that should be treated as "HIGHLY CONFIDENTIAL."

   c. **Deposition Testimony.** Deposition testimony will be deemed Confidential Information only if designated as such when the deposition is taken or within thirty (30) days after receipt by counsel for the deponent of the deposition transcript. Such designation must indicate which Confidentiality Designation applies, and must be specific as to the portions of the transcript and/or any exhibits to which that Confidentiality Designation applies, except that any exhibit that was marked with a Confidentiality Designation at the time of production, and which still bears that mark at the time of its use in a deposition,

shall be presumed to fall within the provisions of this Order without further designation. Unless agreed otherwise, the entire transcript shall be treated as Confidential until thirty (30) days after delivery of the final transcript.

        **d.**    **Re-Designation of Confidential Information.** The labeling or marking of a document or tangible thing with a Confidentiality Designation shall be made when a copy of the document or thing is provided to the Receiving Party as described above. Any Confidentiality Designation that is inadvertently omitted or mis-designated may be corrected by written notification to counsel for the Receiving Party, and the Receiving Party shall thereafter treat the materials as having been designated with the Confidentiality Designation later-provided as appropriate. The designating party shall provide to the Receiving Party substitute copies of the material with the proper designation, and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the Receiving Party has disseminated the Confidential Information to individuals not authorized to receive it hereunder based on the new designation, it shall make a reasonable effort to retrieve the Confidential Information, or if the Receiving Party is authorized to view such material under its revised designations, to otherwise ensure that the recipient(s) properly mark the Confidential Information and maintain the confidentiality of the Confidential Information according to its new designation, but shall have no other responsibility or obligation with respect to the information disseminated that cannot reasonably be retrieved.

**6.**    **Limitation of Use.**

        **a.**    **General Protections.** All information that has received a Confidentiality Designation, including all information derived therefrom, shall be used by any Receiving

Party solely for purposes of prosecuting, defending, or settling the claims in this Action. A Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, a Receiving Party shall not disclose Confidential Information to any third party. This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Confidential Information, and that belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

      **b.**    **Persons to Whom Information Marked "Confidential" May Be Disclosed.** Use of any information, documents, or portions of documents marked "CONFIDENTIAL," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

2. in-house counsel for the parties, and the administrative staff for each in-house counsel;

3. any party to this Action who is an individual;

4. as to any party to this Action who is not an individual, every employee, director, officer, or manager of that party, but only to the extent necessary to further the interest of the parties in this litigation;

5. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Exhibit A,

        Confidentiality Agreement and satisfied the requirements of paragraph 6(d) herein;

6. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this Action;

7. the authors and the original recipients of the documents;

8. any court reporter or videographer reporting a deposition;

9. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this Action;

10. interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a party to this Action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute, defend, or settle this Action (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, and that the individual understands that he/she is prohibited from disclosing any information contained in the document(s) to anyone;

11. any other person agreed to in writing by the parties;

12. professional jury or trial consultants, mock jurors, or professional vendors, to whom disclosure is reasonably necessary for this Action; or

13. relevant employees or representatives of any insurer to a party to the extent such disclosure is reasonably necessary for the participation of that party in this Action and who have signed Exhibit A hereto.

Prior to being shown any documents produced by another party marked "CONFIDENTIAL," any person listed under paragraph 6(b)(3), 6(b)(4), 6(b)(11), 6(b)(12), or 6(b)(13) shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Protective Order. In addition, outside counsel of any lender or prospective lender to a party in this Action may receive filings made under seal in the Action, except for filings containing documents

marked "HIGHLY CONFIDENTIAL," upon signing Exhibit A hereto. Prior to receiving any filings made under seal by a party, outside counsel of any lender or prospective lender to a party shall be advised that the Confidential Information contained in that filing is being disclosed pursuant to and subject to the terms of this Protective Order.

      **c.    Persons to Whom Information Marked "Highly Confidential" May Be Disclosed.** Use of any information, documents, or portions of documents marked "HIGHLY CONFIDENTIAL," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

2. one designated representative from in-house counsel for the parties who shall be disclosed to the opposing party before any "HIGHLY CONFIDENTIAL" designated information is disclosed to such designated individual;

3. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Exhibit A, Confidentiality Agreement and satisfied the requirements of paragraph 6(d) herein;

4. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this Action;

5. the authors and the original recipients of the documents;

6. any court reporter or videographer reporting a deposition;

7. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this Action; or

8. potential witnesses whose deposition has been noticed and who have signed the Confidentiality Agreement (Exhibit A), except that the following categories of potential witnesses shall not be required to sign Exhibit A in order to view "HIGHLY CONFIDENTIAL" information:

   a. current officers, employees or directors of the Producing Entity;

   b. individuals (including Rule 30(b)(6) deponents) represented, for purposes of their deposition, by Counsel for the Producing Entity; and

   c. original authors or recipients of the "HIGHLY CONFIDENTIAL" material (except for former employees of a party to this Action or a subsidiary of a party to this Action).

9. Professional vendors whose duties and responsibilities require access to "HIGHLY CONFIDENTIAL" Information;

10. relevant employees of any insurer to a party to the extent such disclosure is reasonably necessary for the participation of that party in this Action and who have signed Exhibit A hereto; and

11. such other persons as ordered by the Court or agreed to in writing by Counsel for the Producing Entity.

Prior to being shown any documents produced by another party marked "HIGHLY CONFIDENTIAL," any person listed under paragraph 6(c)(8) shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Protective Order.

    **d.** **Disclosure to Experts and Consultants.** Counsel desiring to disclose Confidential Information to experts or consultants specified in Paragraph 6(b)(5) or 6(c)(3) above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such expert or consultant, and such counsel shall retain in his/her files the original of each such signed undertaking.

7. **Production of Protected Information.** Production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), including without limitation the attorney-client privilege and work-product doctrine, shall be governed by Fed. R. Evid. 502. Pursuant to subsections (d) and (e) of that Rule, the parties agree to, and the Court orders, protection of Protected Information against claims of waiver (including as against third parties and in other Federal and State proceedings) in the event such information is produced during the course of the Litigation, whether pursuant to a Court order, a party's discovery request, or informal production. The production of Protected Information shall in no way, in and of itself, constitute the voluntary disclosure of such Protected Information. In addition, the mere production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the Receiving Party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind.

   a. **Identification of Protected Information by Receiving Party:**

      i. If any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Entity in writing that it has discovered Protected Information, identify the Protected Information by Bates Number range, and return or sequester such Protected Information until the Producing Entity confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Protected Information (as described below), the Receiving Party will return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within five (5) business days of notice from the Producing Entity.

      ii. If the Producing Entity intends to assert a claim of privilege or other protection over the Protected Information identified by the Receiving Party, then the Producing Entity will, within five (5) business days of

receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing, including the specific claim of privilege or other protection asserted as applicable to the Protected Information. The Producing Entity shall then provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection.

**b. Identification of Protected Information by Producing Entity:**

    i. If, during the course of the litigation, a party determines it has produced Protected Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Protected Information by Bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege. The Producing Entity shall also provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, or as agreed upon by the parties, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure. In the event any portion of the Protected Information is responsive and does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Protected Information. After receiving such written notification, the Receiving Party must, within five (5) business days of receiving the written notification, return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;

    ii. a Receiving Party's return, sequestration, or destruction of such Protected Information as provided in this section will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to prevent the disclosure of the Protected

11

        Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure.

    **c.**    Nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party.

    **8.**    **Filing Materials Containing Information with a Confidentiality Designation.**

All documents of any nature, including briefs, which have or contain Confidential Information and which are filed with the Court, shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means, Revised January 2023.

    **9.**    **Excluding Others from Access.**  Whenever information bearing a Confidentiality Designation pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information may exclude from the room any person, other than persons designated in Paragraph 6 of this Order, as appropriate, for that portion of the deposition.

    **10.**    **No Voluntary Disclosure to Other Entities.**  The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except as set forth in Paragraph 6 of this Order or as otherwise commanded by law or provided in this Order.  Nothing in this Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as Confidential to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

    **11.**    **Other Proceedings.**  By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12. **Disputes as to Designations.**

   a. Each party has the right to dispute the Confidentiality Designation asserted by any other party or subpoenaed person or entity in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the person or entity that designated the documents or materials. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the Confidentiality Designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of disagreement, the party seeking to challenge the confidentiality designation and have the material de-designated or designated with a lower confidentiality grade may seek relief from the Court. The Producing Entity shall retain the burden of proving that the Confidential Information in question is protectable under Fed. R. Civ. P. 26(c) or some other basis, or as the case may be, that the designation is appropriate. A party who disagrees with the designation must nevertheless abide by that

designation until the matter is resolved by agreement of the parties or by order of the Court.

13. **Information Security Protections.** Any person in possession of Confidential Information received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information. If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Order, they shall: (1) notify the person or entity who designated the materials under the terms of this Order of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Producing Entity can reasonably ascertain the size and scope of the breach that the Producing Entity can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Entity or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

14. **No Waiver of Right to Object.** This Order does not limit the right of any party to object to the scope of discovery in this Action.

15. **No Determination of Admissibility or Other Legal Status.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto, nor does designating a document or accepting a

designated document without objection constitute any admission or acknowledgement of any kind as to the actual confidentiality, trade secret, or other legal status of the document.

16. **No Admissions.**  Designation by either party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.  Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents under this Order.

17. **No Prior Judicial Determination.**  This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this Action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the parties made a Confidentiality Designation is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

19. **Parties May Consent to Disclosure.**  Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure.  Specifically, if and to the extent any party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials.  If the

parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues.

20. **Use of Produced Information and Documents**.  All information and documents produced in this Action by a Producing Entity and received by a Receiving Party shall be used solely by the Receiving Party for the purpose of prosecuting, defending, or settling the claims in this Action and shall not be used for any other purpose except as expressly provided herein or by further Order of the Court.

21. **Return of Materials Upon Termination of Litigation.**  Upon the written request of the Producing Entity, within 45 days after the entry of a final judgment or dismissal no longer subject to appeal on the merits of this case, the parties and any person authorized by this Protective Order to receive Confidential Information shall return to the Producing Entity, or destroy, all information and documents subject to this Protective Order, unless the specific document or information has been offered into evidence or filed without restriction as to disclosure.  The party returning or destroying the documents or other information shall certify that it has not maintained any copies of Confidential Information, except as permitted by this Order.

22. **Counsel Allowed to Retain Copy of Filings.**  Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach Confidential Information.  Moreover, an attorney may use, and has no obligation to destroy, his or her work product in subsequent litigation provided that such use does not disclose any Confidential Information.

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Oderah C. Nwaeze*
Oderah C. Nwaeze (#5697)
Angela Lam (#6431)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
oderah.nwaeze@faegredrinker.com
angela.lam@faegredrinker.com

OF COUNSEL:

**SIMPSON THACHER & BARTLETT LLP**
Jonathan K. Youngwood (*pro hac vice*)
Meredith Karp (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
Nora C. Hood (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017

*Attorneys for Plaintiff*

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ Jason J. Rawnsley*
Jason J. Rawnsley (#5379)
Rudolf Koch (#4947)
Matthew D. Perri (#6066)
920 North King Street
Wilmington, DE 19801
(302) 651-7700
koch@rlf.com
rawnsley@rlf.com
perri@rlf.com

OF COUNSEL:

**WACHTELL, LIPTON, ROSEN & KATZ**
Graham W. Meli (*pro hac vice*)
Kevin S. Schwartz (*pro hac vice*)
Adebola O.M. Olofin (*pro hac vice*)
Joseph S. Tobin (*pro hac vice*)
Todd S. Gilman (*pro hac vice*)
51 West 52nd Street
New York, NY 10019
(212) 403-1000

**COOLEY LLP**
Sarah Lightdale (*pro hac vice*)
Philip Bowman (*pro hac vice*)
Kaitland Kennelly (*pro hac vice*)
55 Hudson Yards
New York, NY 10001
(212) 479-6000

*Attorneys for Defendant*

SO ORDERED this _____ day of March, 2025

_____
Hon. Gregory B. Williams