IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPIRE GLOBAL, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>KPLER HOLDING SA,<br><br>      Defendant. | C.A. No. 1:25-cv-00168-GBW |

**MOTION TO FILE UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3, Defendant Kpler Holding SA ("Defendant" or "Kpler"), by and through its undersigned counsel, respectfully moves for entry of an Order, filed contemporaneously herewith, authorizing Defendant to file under seal Defendant's Answer to the Complaint (the "Answer"). In support of this motion, Kpler states as follows:

Spire Global, Inc. ("Spire") brought this action against Kpler alleging breach of the parties' Share Purchase Agreement (the "SPA").

The Complaint in this action contains certain references to or otherwise uses nonpublic, confidential, proprietary, or commercially sensitive information regarding the terms of the SPA, including the conditions of the share purchase and the price to be paid at closing. Portions of the Complaint were previously filed under seal in this action, with such filing approved by the Court. The Answer cites to certain information from the Complaint containing confidential information. The Answer also contains certain references to or otherwise uses nonpublic, confidential, proprietary, or commercially sensitive information regarding communications with foreign

regulators relating to the parties' transaction.

The public's right to access judicial proceedings and records "is not absolute." *Littlejohn* v. *Bic Corp.*, 851 D.2d 673, 678 (3d Cir. 1988). A party may overcome the presumption of public access if it shows that "the interest in secrecy outweighs the presumption." *See Kaleo, Inc.* v. *Adamis Pharms. Corp.*, 2019 WL 11680196, at *1 (D. Del. July 16, 2019). The material to be sealed must be the "kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *See id.*

A court applies a "good cause" standard to justify sealing or redacting judicial records, which requires a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *See Mosaid Techs. Inc.* v. *LSI Corp.*, 878 F. Supp. 2d 503, 507-08 (D. Del. 2012). For example, this Court has found good cause to redact "confidential financial information" as well as information related to trade secrets and confidential technologies. *See id.* at 510–11.

Here, Kpler respectfully submits that good cause exists to seal the Answer, because it contains confidential and commercially sensitive details regarding the SPA, Spire's business, and the parties' confidential communications with regulators. Kpler further submits that it received certain confidential information memorialized in this document in confidence from Spire, and it has a duty not to disclose such information.

Kpler's request is limited to the types of confidential or proprietary business information that Courts in this District (i) recognize are a part of a company's core confidential information and (ii) have routinely allowed to be filed under seal. *See Mylan, Inc.* v. *SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause exists to seal documents "to protect the parties' confidential proprietary business and competitive interests"). This is not stale

information of the type that has been found insufficient to merit sealing.  *See, e.g.*, *Avandia*, 924 F.3d at 679 (concluding that justification for sealing "twenty-year-old research strategies" fell short of the standard).  The parties' competitors could exploit such information, if it were to be made public, to gain an unfair competitive advantage in the marketplace.  Disclosure of confidential communications with regulators could also have adverse consequences in further dealing with such regulators.  Thus, Kpler's motion is narrowly tailored and seeks to preserve the confidentiality of only as much information as needed to protect Kpler's and Spire's business interests, while still preserving public access to information germane to the action.

Kpler will comply with all applicable procedures regarding filing under seal through the Court's CM/ECF system and will file a version of the Answer that redacts the confidential information within seven (7) days after the filing of the sealed document, in accordance with paragraph 11 of the Court's February 26, 2025 Scheduling Order, unless otherwise ordered.  Additionally, as a party to the agreement discussed herein, Plaintiff should have the opportunity to review such documents and make any application for relief it deems appropriate before the filing of redacted, public versions.

WHEREFORE, Kpler respectfully requests entry of an order permitting the filing of the Answer under seal.

| | |
|---|---|
| OF COUNSEL:<br><br>WACHTELL, LIPTON, ROSEN & KATZ<br>Graham W. Meli (*pro hac vice*)<br>Kevin S. Schwartz (*pro hac vice*)<br>Adebola O.M. Olofin (*pro hac vice*)<br>Joseph S. Tobin (*pro hac vice*)<br>Julia M. Bruce (*pro hac vice* forthcoming)<br>Todd S. Gilman (*pro hac vice*)<br>51 West 52 Street<br>New York, NY  10019<br>(212) 403-1000<br>gwmeli@wlrk.com<br>ksschwartz@wlrk.com<br>aomolofin@wlrk.com<br>jstobin@wlrk.com<br>jmbruce@wlrk.com<br>tsgilman@wlrk.com<br><br>COOLEY LLP<br><br>Sarah Lightdale (*pro hac vice*)<br>Philip Bowman (*pro hac vice*)<br>Kaitland Kennelly (*pro hac vice*)<br>55 Hudson Yards<br>New York, New York  10001<br>(212) 479-6000<br>slightdale@cooley.com<br>pbowman@cooley.com<br>kkennelly@cooley.com<br><br>Dated:  March 10, 2025 | RICHARDS, LAYTON & FINGER, P.A.<br><br>*/s/ Rudolf Koch*<br>Rudolf Koch (#4947)<br>Jason J. Rawnsley (#5379)<br>Matthew D. Perri (#6066)<br>Kyle H. Lachmund (#6842)<br>920 North King Street<br>Wilmington, Delaware  19801<br>(302) 651-7700<br>koch@rlf.com<br>rawnsley@rlf.com<br>perri@rlf.com<br><br>*Attorneys for Defendant Kpler Holding SA* |